UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON HULSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01001-JPH-CSW |
| | ) |
| DELANA GARDENER Warden, *et al.*, | ) |
| CENTURION MEDICAL, | ) |
| BECKY ALLEN HSA., | ) |
| JOHN D. HEFLIN MD., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER**

**PROCEEDINGS**

Clinton Hulsey alleges violations of his civil rights as an inmate at the Correctional Industrial Facility (CIF). Because Mr. Hulsey is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Hulsey asserts claims for damages against four defendants: Delana Gardener, who is the Warden of CIF; Centurion Medical ("Centurion"), which contracted to provide medical care to CIF inmates; and Dr. John Heflin and Health Services Administrator Becky Allen, who were both employed by Centurion. Dkt. 2 at 1-3. Mr. Hulsey's claims are based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Hulsey broke a bone in his hand in February 2024. *See* dkt. 2 at 4. He sought medical attention, and on March 4, his hand was x-rayed. *Id.* The following day, Dr. Heflin told Mr. Hulsey he had a displaced fracture that would require surgery. *Id.* On March 12, Mr. Hulsey inquired about his surgery with Ms. Allen, who reported that he would be scheduled soon. *Id.* at 5. On March 20, Mr. Martin submitted a healthcare request, and he received a response that he would meet with an orthopedist on April 15. *Id.*

After submitting a grievance, Mr. Hulsey visited an orthopedist on April 10. *Id.* The orthopedist took another x-ray, and determined that Mr. Hulsey's

2

fracture had begun to heal due to the delay in arranging his appointment. *Id.* Because of this, surgical correction is no longer possible. *Id.* Mr. Hulsey continues to experience pain and problems with his hand, and will likely continue to do so for the rest of his life. *Id* at 6.

### III. Discussion of Claims

The action **will proceed** with Eighth Amendment claims for damages against Defendants Heflin and Allen pursuant to 42 U.S.C. § 1983.

Claims against Warden Gardener are **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). No allegation in the complaint supports a reasonable inference that Warden Gardener was personally involved in or responsible for Mr. Hulsey's medical care or any delay in scheduling his treatment.

Claims against Centurion are also **dismissed** for **failure to state a claim** upon which relief may be granted. Although a private entity, Centurion acts under color of state law by contracting to provide medical care to inmates, so it is treated as a government entity for purposes of constitutional claims under 42 U.S.C. § 1983. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010);

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against Centurion, Mr. Hulsey must allege that he suffered a constitutional deprivation as the result of a corporate policy, practice, or custom. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019) ("Prevailing on [a *Monell*] claim requires evidence that a Wexford policy, practice, or custom caused the constitutional violation alleged."). No allegation supports a reasonable inference that Mr. Hulsey's treatment was delayed due to a Centurion policy, practice, or custom.

### IV. Conclusion and Further Proceedings

The action **will proceed** with Eighth Amendment claims for damages against Defendants Heflin and Allen pursuant to 42 U.S.C. § 1983. All other claims are **dismissed**. The **clerk is directed** to **terminate** Defendants Centurion and Gardener from the docket.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Hulsey believes he asserted claims that the Court did not address, he must file a motion to reconsider the screening order **no later than November 8, 2024**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

4

The defendants are identified as Centurion employees. Centurion is **ORDERED** to provide the full name and last known address of any defendant identified as a Centurion employee who does not waive service if it has such information. This information may be provided to the court informally or may be filed ex parte.

**SO ORDERED.**

Date: 10/9/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLINTON HULSEY
290828
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Centurion and employees at CIF:

    Dr. John Heflin
    Health Services Administrator Becky Allen